UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

BENJAMIN ADAMS, )
)
Petitioner, )
)
v. ) No. 2:17-cv-00546-JMS-MJD
)
SUPERINTENDENT, )
)
Respondent. )

**Entry Granting Petition for Writ of Habeas Corpus and Directing Entry of Final Judgment**

The petition of Benjamin Adams for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. IYC 17-03-0078. For the reasons explained in this Entry, Mr. Adams's habeas petition must be **granted**.

A.  Overview

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss*, 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied by the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell*, 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

B.   **The Disciplinary Proceeding**

On October 13, 2017, Internal Affairs Investigator, Clinton Feldkamp, wrote a report of conduct charging Adams for the offense A-102/111 conspiracy to commit assault and battery with serious bodily injury.[1] The conduct report stated:

> On 10/13/2017 at approximately 3:42 pm I Investigator C. Feldkamp completed an investigation into an assault of an offender who[se] name[s] shall be maintained in I&I confidential case file 17-IYC-0027 for safety and security reasons. During the course of that investigation it was discovered that offenders Kenneth Garretson #249544, Benjamin Adams #993788 and Raymond Barnett #978588 participated in events in where [sic] staff and offenders were intimidated, extorted and one person was seriously injured. Based on these factors this writer is requesting aggravated circumstances be cited and that these offenders be transferred to another facility. See Report of Investigation.

An incident report was also completed and provided to Adams at his screening. The incident report stated:

> On 9/6/2017 at approximately 10:30 am I Investigator C. Feldkamp completed an investigation into offenders Adams Benjamin #993788, Kenneth Garretson #249544 and Raymond Barnett #978588 for there [sic] participation in a series of events that ultimately lead [sic] these offenders into participating in extortion, intimidation, assault/battery that caused theft and serious bodily injury. The names of the staff and offenders who were victimized by these offenders shall remain confidential and are maintained in I&I case file 17-IYC-0027 for safety and security reasons. On February 2, 2017 an offender was assaulted and seriously injured when his arm was fractured. I was formally assigned to investigate the circumstances that lead [sic] to the assault. During the course of the investigation I discovered that the injured offender had been being victimized by these offenders and extorted over the course of several months. During the investigation the injured offender also identified these offenders who he alleged intimidated and extorted him. Once the offender ran out of money and co[u]ld no longer pay the extortion and refused to surrender his personal belongings to these offenders he was then assaulted and robbed of his belongings. There was also an allegation that the offenders who participated in these events were gang members, and during interview with offender Garretson it was discovered that he was an

---

[1] Previously, on March 16, 2017, Adams was found guilty of engaging in criminal gang activity (A-100) with regard to the incident in this case. But on October 11, 2017, the final reviewing authority issued a letter designating Adams' disciplinary case for rehearing.

undocumented Gaylord gang member. Staff who reported the incident also alleged to have been victimized by these offenders and instructed by the offenders that the staff was under their "protection" and that they would run the unit as well as decide[] who works and what times they work, allowing these offenders to dictate unrestricted interaction in the unit during times that offenders would normally be secured in their cells or restricted to an unauthorized areas or activities. The offenders accused corroborated this allegation when the[y] admitted that they were working when not assigned to [a] count letter and that they instructed the staff on when they were going to work and took personal ownership of HUC. This writer is formally requesting that aggravating circumstances in the event of a guilty verdict is rendered as well as restitution for the medical costs from the offenders [sic] serious injury. End of Report.

On October 18, 2017, Adams was notified of the charge and his rights. Adams pleaded not guilty and requested a lay advocate. A lay advocate was later appointed. Adams requested the following witnesses:

- Sgt. Roland Supv. That day – He will say that the offender who was assaulted that he had not been assaulted.

- Ofc. Nelson – I have never been involved in anything like this or this incident. Who did the injured offender state assaulted him?

- Offender Garretson – He went in the cell to fight one on one.

- The injured offender – I don't know his name. I didn't have involvement. Who did the injured offender state assaulted him?

- Ofc. Bowen – He's the ofc. that gave me permission to work.

- Offender Barnett – He knows I didn't have any participation.

Adams also requested the following physical evidence:

- Video of incident. 11:30 AM – 12:00 PM

- Audio review of everybody involved. Every offender/staff interviewed.

- Audio review of Ofc. Nelson interview

3

Later, Adams also requested Ofc. Campbell as a witness, explaining that Campbell worked that day. "He requested I work. He knows I wasn't involved."

The DHO provided the following response to Adams' request for witnesses and physical evidence:

- Sgt. Roland – Denied he was not present and did not witness the assault

- Ofc. Nelson – Offnd Garretson – Denied no longer housed at the Plainfield Correctional Facility

- Injured Offender – Denied Adams did not provide name or DOC #

- Ofc. Bowen – Denied Its irrelevant if he gave you permission to work or not.

- Offender Barnett – You said you would bring a sworn Affidavit from him and Offender Garretson.

- Video – Denied irrelevant you are not being cha[r]ged for doing the assault you [sic] being charged with ordering the assault.

The DHO granted Adams's request for the audio to the extent that the hearing officer listened to the recordings.

Adams provided an affidavit testifying that neither he nor Barnett had any knowledge of or participation in the acts alleged in the conduct and incident report. Barnett also provided a two-page affidavit testifying that neither he nor Adams had any knowledge of or participation in the acts alleged in the conduct report and incident report. Barnett stated that he could not have participated because he was in segregation from December 24, 2016 until January 17, 2017. Garretson stated that he acted alone in battering the victim and that he has no affiliation with Barnett or Adams.

On October 20, 2017, a hearing was held in disciplinary case IYC 17-03-0078. Adams pleaded not guilty and testified that he did not assault the victim. The DHO provided the following statement:

> Offender supplied DHO with 4 papers of sworn statement. Offender requested several offenders and video. All were denied, reasons attached to this case. Offender kept trying to defend himself on assault, when I kept telling him that he was only charged with conspiracy.
> Based on evidence from confidential case 17-IYC-0027 as well as reviewing audio and reports, DHB finds offender Adams #993788 guilty of 111/102A.

The DHO relied on staff reports, Adam's statement, witness testimony, and video evidence in finding Adams guilty of conspiracy to commit assault. Based on the seriousness of the offense and the likelihood of the sanction having a corrective effect on Adams's future behavior, the DHO imposed the following sanctions: 1-year of disciplinary segregation, 360 days' lost earned credit time, and a demotion from credit class 2 to credit class 3.

On October 20, 2017, and October 23, 2017, Adams filed two first-level appeals. On October 27, 2017, the facility head responded to Adams' October 20th appeal, and on November 2, 2017, the facility head responded to Adams' October 23rd appeal. On November 13, 2017, Adams' filed a third appeal to the head of the facility, and the facility did not respond to that third appeal because Adams' prior first-level appeals were already addressed. On November 8, 2017, the final reviewing authority received Adams' second-level appeal. On December 13, 2017, the final reviewing authority denied Adams' second-level appeal.

### C.     Analysis

Adams challenges the disciplinary action against him arguing that he was denied an impartial decision-maker, the evidence was insufficient to support the disciplinary conviction, he was denied the right to call witnesses, and he was denied the right to present evidence. Because

the Court finds that Adams was improperly denied a witness request, his other arguments do not need to be addressed and the Court makes no comment on their merits.

At least one of Adams's witness requests was improperly denied. Adams requested testimony from fellow inmate Barnett. He asserts that Barnett, who was also accused of being involved the assault, would testify that he and Adams had nothing to do with it. Adams was permitted to present an affidavit from Barnett, but Barnett did not testify at the hearing. No reason was given for the failure to call Barnett to testify other than that he had provided an affidavit. In response to Adams's petition, the respondent argues simply that this witness request was not denied because the hearing officer reviewed the testimony that Adams said Barnett would provide.

The Seventh Circuit has repeatedly rejected the contention that when written testimony is provided, live testimony is unnecessary. Instead, only when live testimony is not otherwise feasible do written witness statements comport with due process. *See Whitlock v. Johnson*, 153 F.3d 380, 388 (7th Cir. 1998) ("We are . . . unconvinced by the prison's assertion that its policy of interviewing requested witnesses and summarizing their testimony in an unsworn report is a legitimate means of 'calling a witness' even when live testimony would be feasible."); *see also Doan v. Buss*, 82 Fed. Appx. 168, 170-71 (7th Cir. 2003) (rejecting the contention that "under *Wolff* oral testimony is not required as long as written statements are obtained"); *Ashby v. Davis*, 82 Fed. Appx. 467, 471 (7th Cir. 2003) (holding that "[t]he submission of a written [witness] statement is not by itself a valid reason for not appearing," and explaining that "[l]ive testimony is the presumption absent a valid reason for proceeding differently"). Therefore, the decision to consider Barnett's written statement and not have him provide live testimony amounted to a

denial of this witness request. When a prisoner challenges the denial of witnesses in a prison disciplinary proceeding, it is the prison official's burden to provide a "justification" for the denial. *Ponte v. Real*, 471 U.S. 491, 498-99 (1985); *see Wilson v. Davis*, 102 Fed. Appx. 37, 38 (7th Cir. 2004) ("The burden is on the state to offer a rational explanation for the denial of an inmate's request for witnesses."). The respondent has provided no justification here. Accordingly, on this record, the Court must conclude that Adams's due process rights were violated when he was denied this witness request. Adams is entitled to habeas relief on this basis.

### D. Conclusion

For the foregoing reasons, Benjamin Adams's petition for a writ of habeas corpus it **granted**. The sanctions issued in No. IYC 17-03-0078 of 360 days' lost earned credit time and a demotion from credit class 2 to credit class 3 must be immediately **VACATED**. The motion for an evidentiary hearing, dkt. [19], is **denied** as unnecessary.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 8/27/2018

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

BENJAMIN ADAMS
993788
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

All electronically registered counsel